Ian Wallach SBN 237849
THE LAW OFFICES OF IAN WALLACH, P.C.
5777 West Century Boulevard, Suite 750
Los Angeles, CA 90045
Phone: (213) 375-0000
Email: iwallach@wallachlegal.com

Russell M. Spence Jr. SBN 241052
THE SPENCE LAW FIRM
Two22 Tower, Suite 1600
222 South 9th Street
Minneapolis, Minnesota 55402
Phone: (612) 337-9007
Email: spence@spence.law

*Attorneys for Plaintiffs*
*Chas Smith and Red Sofa Literary Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED SOFA LITERARY LLC, AND CHAS SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>RARE BIRD BOOKS LLC, RARE BIRD BOOKS, AND ROBERT TYSON CORNELL, AN INDIVIDUAL,<br><br>    Defendants. | Case No.: _____<br><br>**VERIFIED COMPLAINT** |

1

For their Complaint against the above-named Defendants, Plaintiffs Chas Smith, and Red Sofa Literary LLC, by and through their undersigned counsel, The Spence Law Firm, state and allege as follows:

## PARTIES

1.      Plaintiff Chas Smith ("Smith") is an individual and resident of San Diego County, California.

2.      Plaintiff Red Sofa Literary LLC (hereinafter "Red Sofa") is a Minnesota limited liability company with its registered office located at 831 Sims Avenue, St Paul, 55106. Red Sofa is a literary agency which exclusively represents Smith for the literary works relative to this matter.

3.      Defendant Rare Bird Books LLC is a California limited liability corporation with its registered office located at 453 South Spring Street, #302, Los Angeles, CA 90013. Rare Bird Books LLC is a publishing company, owned and controlled by individual defendant Robert Tyson Cornell.

4.      Based upon information and belief, Defendant Rare Bird Books is an unregistered assumed name, which is one and the same with Defendant Rare Bird Books LLC. Accordingly, Defendants Rare Bird Books LLC and Rare Bird Books hereinafter are collectively referred to as "Rare Bird."

5.      Defendant Robert Tyson Cornell (hereinafter "Cornell") is an individual who is the registered agent for Rare Bird. Upon information and belief, Defendant Cornell resides at 966 Everett St, Los Angeles, CA 90026. Upon information and belief, he is a resident of Los Angeles County.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over the parties because Defendant Rare Bird's registered office is within the Central District of California, Defendant Cornell resides within the Central District of California,

and a substantial portion of the acts and omissions complained of herein took place in this judicial district.

7.      This is an action for copyright infringement in violation of the Copyright Act of 1976 (17 U.S.C. §§ 101 et seq.). This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338 as a federal question. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

8.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) & (c) and § 1400(a).

## FACTUAL BACKGROUND

### Red Sofa Designated as Smith's Agent

9.      Smith is the author of several books, two of which relevant to this case are titled *Cocaine + Surfing: A Love Story* and *Reports from Hell*.

10.      On July 31, 2016, Smith and Red Sofa, by its owner Dawn Frederick (hereinafter "Frederick"), Smith's literary agent at Red Sofa, entered into an Agency Contract that designated Frederick as the exclusive representative and agent for the book *Cocaine + Surfing* and other works as agreed upon.

11.      The Agency Contract gives Red Sofa the right to license all possible rights to *Cocaine + Surfing* and Smith's subsequent book, *Reports from Hell*, on Smith's behalf and negotiate all contracts on Smith's behalf, subject to his approval and signature.

12.      Moreover, pursuant to both the *Cocaine + Surfing* and *Reports from Hell* Publishing Agreements, discussed in greater detail below, Smith also authorized Red Sofa to act as his agent and to collect and receive all sums of money payable to him under the terms of those Agreements. Accordingly, Red Sofa is fully empowered to act on behalf of Smith in all matters in any way

arising out of the Agreements and is designated as Smith's agent for such purposes.

**Copyright Registrations**

13.     The effective copyright registration date for *Cocaine + Surfing* is October 19, 2018, which was filed with the United States Copyright office and has the registration number TX0008700162.

14.     The effective copyright registration date for *Reports from Hell* is October 11, 2021, which was filed by Red Sofa with the United States Copyright Office and has the registration number TX0009017558.

**Publishing Agreements with Rare Bird**

15.     On December 2, 2016, Rare Bird and Smith, through his agent Red Sofa, entered into a Publishing Agreement for *Cocaine + Surfing* (the "C+S Agreement").

16.     Pursuant to paragraph 2 of the C + S Agreement, Smith granted Rare Bird the exclusive rights to print, publish, distribute, sell, and license the rights to the book for publication in hardcover, paperback, and e-book.

17.     On February 27, 2019, Rare Bird and Smith, through his agent Red Sofa, entered into a Publishing Agreement for *Reports from Hell* (the "RFH Agreement").

18.     Pursuant to the RFH Agreement, Smith granted Rare Bird the exclusive rights to publish and sell the book or cause the same to be published and sold in hardcover, paperback, e-book, and audiobook.

**Rare Bird's Failure to Register Copyright, Make Payments, and Provide Accounting Statements**

19.     Pursuant to the RFH Agreement, Rare Bird was to register the copyright in the name of Smith with the US Copyright Office within ninety (90) days after first publication.

4

20.     Pursuant to paragraph 8 of the C+S Agreement, Rare Bird was to pay Smith royalties on copies of the book sold by Rare Bird, or through its affiliates.

21.     Pursuant to paragraph 9 of the C+S Agreement, Rare Bird agreed to render semiannual statements of account to Red Sofa. The statements of account and any payments were required to be delivered to Smith's agent Red Sofa within ninety (90) days of the close of each accounting period (June 30th and December 31st).

22.     Pursuant to the RFH Agreement, Rare Bird was to pay Smith a $20,000 advance in four (4) installments (25% on signing, 25% on acceptance, 25% on hardcover publication, and 25% on paperback publication) and royalties on all copies of the books in all formats sold by Rare Bird, or through its affiliates.

23.     Pursuant to the RFH Agreement, Rare Bird agreed to render semiannual statements of account. The account statements and any payments were required to be sent to Smith's agent within ninety (90) days of the close of each accounting period (June 30th and December 31st).

24.     Rare Bird failed to register the copyright for *Reports from Hell*.

25.     Rare Bird failed to pay the $5,000 advance payment due on delivery & acceptance ("D&A") for *Reports from Hell.*

26.     Rare Bird failed to pay the $5,000 advance payment due on hardcover publication for *Reports from Hell*.

27.     In fact, Rare Bird has failed to make <u>any</u> payments or provide <u>any</u> statements to Smith or Red Sofa since July 2020.

28.     Rare Bird has failed to make any royalty payments or provide any statements for both *Cocaine + Surfing* and *Reports from Hell* for the following six (6) consecutive reporting periods:

a.  July 1, 2020 – December 31, 2020;

b.  January 1, 2021 – June 30, 2021;

c.  July 1, 2021 – December 31, 2021;

d.  January 1, 2022 – June 30, 2022;

e.  July 1, 2022 – December 31, 2022; and

f.  January 1, 2023 – June 30, 2023.

**Correspondence Between the Parties**

29.    On January 27, 2021, counsel for Red Sofa sent a letter to Defendants Cornell and Rare Bird, providing written notice that Rare Bird was in material breach of the RFH Agreement for the non-payment of both the $5,000 acceptance advance and the $5,000 hardcover publication advance for that title. This letter also provided notice that Rare Bird was in material breach of both publishing agreements for not providing account statements and royalty payments for both books for the time period of July 1, 2020 – December 31, 2020.

30.    In response, on January 27, 2021, Cornell and Rare Bird sent a letter to Red Sofa's counsel claiming Rare Bird had been disrupted by Covid-19, and further claiming Cornell believed Rare Bird was entitled to suspend its obligations under only the RFH Agreement.

31.    To the extent the RFH Agreement's force majeure clause was applicable at all, it was expressly limited to a six-month period, and it was only present in the RFH Agreement, applicable only to the *Reports from Hell* book.

32.    On February 9, 2021, again through counsel, Red Sofa sent another letter to Defendants Cornell and Rare Bird, stating that neither Rare Bird nor Cornell provided written notice of force majeure and that Red Sofa did not accept Cornell's claim of inability to perform because Rare Bird had not ceased doing business; and that Rare Bird still owed $10,000 in advances for *Reports from Hell* as well as other royalties due from *Reports from Hell* and *Cocaine + Surfing*.

6

33.     On February 11, 2021, Cornell responded with a letter to Red Sofa's counsel denying any breach of contract by Rare Bird, incredibly claiming the express, contractually-limited six-month period allowed for the application of a force majeure event was not relevant, suggesting Smith was not owed any royalties, and admitting Rare Bird owed $10,000 to Smith in advances, but unilaterally and without contractual or other justification, claiming Rare Bird had the unilateral right to suspend this obligation, due to the RFH Agreement's six-month force majeure clause.

34.     On July 9, 2021, Red Sofa's counsel sent yet another letter to Cornell stating that Rare Bird was  in breach of both the C+S Agreement and the RFH Agreement with Smith, because Rare Bird failed to pay the $5,000 acceptance advance for *Reports from Hell* that was due in June, 2020, Rare Bird failed to pay the $5,000 hardcover publication advance for *Reports from Hell* that was due in August, 2020, and Rare Bird failed to pay royalties for both books and provide accounting statements. That letter further provided clear and express notice to Rare Bird that because it had materially breached its contracts with Smith, Smith can and may seek a reversion of his rights. In addition, any claimed application of the force majeure clause was expressly limited to six months, and Rare Bird's breaches have continued for well over six months.

35.     On August 11, 2021, Cornell sent a response letter to Red Sofa's counsel, confirming Rare Bird owed Smith $1,952.04 for *Cocaine + Surfing* royalties, admitting Rare Bird had not paid the $5,000 acceptance advance for *Reports from Hell* but claiming that payment obligation was released and waived since the prior notices were not sent by certified mail and one year has passed since the payment was due, and that Rare Bird had failed to pay the $5,000 hardcover publication advance for Reports from Hell.

36.     On October 4, 2021, counsel for Red Sofa sent a letter to Cornell advising that Rare Bird continued to be in material breach of both contracts,

effective notice was provided and re-noticed by certified letter dated July 9, 2021, Rare Bird had still not cured its breaches, all rights previously granted to Rare Bird under the C+S Agreement automatically reverted to Smith on August 12, 2021, all rights previously granted to Rare Bird under the RFH Agreement reverted to Smith on September 10, 2021, and Rare Bird continued to be in material breach of the payment terms and accounting statement requirements under both contracts.

**Force Majeure is Inapplicable, or at Best, Expired by the Express Contract Terms**

37.     The RFH Agreement's force majeure clause reads as follows:

> If the performance of Publisher's or Author's obligations under this Agreement is delayed, or becomes impossible or impracticable by reason of any act of gods, fire, earthquake, strike, labor disturbance, delays in the delivery of materials and supplies, or other causes beyond their respective control, then either party may suspend its obligations under this Agreement for the duration of such event, not to exceed six months (6). With respect to any provisions of this Agreement that include time provisions, the duration of any such suspension shall be added to the period of those time provisions.

38.     On January 27, 2021, Cornell first claimed force majeure applied because Rare Bird had been disrupted by Covid-19, and based upon Cornell's claim, Rare Bird was entitled to suspend its obligations under the RFH Agreement.

39.     On February 9, 2021, Red Sofa gave notice to Defendants that it disputed  their claim that force majeure applied.

40.     On July 9, 2021, Red Sofa again opposed Defendants' claims that force majeure applied, but further advised and gave Defendants notice that any claimed application of the force majeure clause was expressly limited to six months, and Rare Bird's breaches had continued for well over six months.

41.     To the extent force majeure did apply, which Plaintiffs dispute, it would only have lasted until July 27, 2021, which was six (6) months from the date Defendants first claimed they could invoke that provision.

**Copyright Infringement**

42.     Paragraph 12 of the C+S Agreement expressly states, "Should the Publisher default in complying with any term of this Agreement and does not rectify such default within thirty (30) days of notice of default from Author or Author's representative, without restriction on any other remedies allowed hereunder or by law, all rights granted herein shall automatically revert to the Author and Publisher shall have no further rights in and to the Book."

43.     The RFH Agreement states:

> In the event that Publisher and/or its parent entity, if any, files for bankruptcy or ceases to operate in a normal fashion with the United States at any time during the term of this Agreement, all rights, and licenses, and assignments granted herein shall revert to the Author after any notice of breach, provided that the company has not resumed normal operations during the notice of breach period. Normal operations shall be defined as being adequately staffed, producing physical books for sale in the general trade, and being represented in the trade with a sales, marketing, and distribution firm. Reversion of rights shall include all rights held by any entity controlled, owned, or operated by Publisher or principals of Publisher.

44.     Defendants failed to make payments and provide accounting statements, as required by both the *Cocaine + Surfing* and *Reports from Hell* Publishing Agreements.

45.     Counsel for Red Sofa provided Defendants written notice of these material breaches in letters dated January 27, 2021, February 9, 2021, and July 9, 2021.

46.    To this date, Defendants have yet to cure these material breaches.

47.    The right to cure periods under both the C+S Agreement and the RFH Agreements have lapsed.

48.    All rights from *Cocaine + Surfing* reverted from Rare Bird to Smith and his agent Red Sofa on August 12, 2021.

49.    All rights from *Reports from Hell* reverted from Rare Bird to Smith and his agent Red Sofa on September 10, 2021.

50.    Upon information and belief, to this date, both Defendants Cornell and Rare Bird continue to make copies, distribute copies or otherwise use *Cocaine + Surfing* and *Reports from Hell* without permission or authority.

51.    Defendant Rare Bird previously secured a contract with Barnes & Noble, granting rights to distribute both of Smith's titles *Cocaine + Surfing* and *Reports from Hell.*

52.    On October 7, 2021, *Cocaine + Surfing* and *Reports from Hell* were ordered for purchase from Barnes and Noble and both books were received by the ordering party on October 12, 2021.

53.    On December 5, 2022, another copy of *Reports from Hell* was ordered from Barnes and Noble. That title was delivered and received by the ordering party on January 20, 2023.

54.    On July 1, 2023, Circe Wallace ordered *Cocaine + Surfing* from Amazon.  That title was delivered and received by her on July 3, 2023.

## CAUSES OF ACTION
### Count I – Copyright Infringement
(All Defendants)

55.    Plaintiffs re-allege and incorporate by reference all allegations made in the preceding paragraphs as if fully set forth herein.

56. Smith's registered copyrights for the books *Cocaine + Surfing* and *Reports from Hell* are original works and constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 102.

57. Smith is the owner of the copyrightable subject matter in the registered copyrights.

58. The United States Copyright Office issued to Smith United States copyright registrations for the works entitled *Cocaine + Surfing* (registration number TX0008700162) and *Reports from Hell* (registration number TX0009017558), prior to the filing of this lawsuit.

59. Defendants have copied, distributed copies, displayed, made derivative works of and otherwise used both *Cocaine + Surfing* and *Reports from Hell* without authorization, permission, or license from Smith.

60. Defendants' unauthorized use, reproduction, and distribution of Smith's registered copyrights violate Smith's exclusive rights under 17 U.S.C. § 106 as the owner of the registered copyrights, and as such infringe Smith's copyrights pursuant to 17 U.S.C. § 501.

61. As a result of the actions alleged above, Plaintiff Smith is entitled to an injunction, pursuant to 17 U.S.C. § 502, restraining Defendants, and all other persons acting in concert with them, from engaging in any further acts of infringement in violation of the copyright laws.

62. Pursuant to 17 U.S.C. § 504(a), Plaintiff Smith is entitled to recover either actual damages sustained and which he will sustain, as well as any gains, profits, and advantages acquired by Defendants as a result of their acts of copyright infringement, as set forth in 17 U.S.C. § 504(b); or statutory damages as provided by 17 U.S.C. § 504(c)(1).

63. Pursuant to 17 U.S.C. § 505, Plaintiff Smith may recover his full costs and reasonable attorney's fees because of the infringement by Defendants.

11

## Count II – Willful Statutory Infringement

(All Defendants)

64.     Plaintiffs re-allege and incorporate by reference all allegations made in the preceding paragraphs as if fully set forth herein.

65.     As a result of Rare Bird and Cornell's, and any of their agents' willful and knowing conduct, Defendants have infringed Smith's copyrighted works in deliberate disregard and with malice toward Smith and his rights.

66.     Pursuant to 17 U.S.C. § 504(c), Smith is entitled to recover enhanced damages of up to $150,000 for each and every infringement of his copyrighted works.

67.     Pursuant to 17 U.S.C. § 505, Smith may recover his full costs and reasonable attorney's fees because of the infringement by Defendants.

## Count III – Contributory Copyright Infringement

(All Defendants)

68.     Plaintiffs re-allege and incorporate by reference all allegations made in the preceding paragraphs as if fully set forth herein.

69.     Upon information and belief, Defendants induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to copy and use, copy, distribute and/or make derivatives of Smith's copyrighted books, including without limitation through Defendants' provision of the books to third-parties, including but not limited to parties and potential additional defendants identified as Recorded Books, Inc., Tantor Media, Incorporated, and HighBridge.

70.     Defendants had knowledge of the infringing acts relating to the books.

71.     The acts and conduct of Defendants, as alleged herein, constitutes contributory infringement.

12

72.     Plaintiff Smith is entitled to an injunction restraining Defendants and their officers, agents, employees, and all persons acting in concert with them, from engaging in any further such acts in violation of copyright laws and Smith's exclusive rights.

73.     As a result of Defendants' individual and collective acts of copyright infringement, Plaintiff Smith has suffered damages in an amount to be determined at trial. Plaintiff Smith is entitled to recover from Defendants the damages, including attorney's fees that he has sustained as a result of Defendants' infringing conduct, including but not limited to any gains, profits, advantages of Defendants, Defendants' wrongful profits, Smith's lost profits, diminution of value of the books, statutory damages, enhanced damages, attorney's fees, interest, and costs.

## Count IV – Vicarious Infringement
### (Defendant Cornell)

74.     Plaintiffs re-allege and incorporate by reference all allegations made in the preceding paragraphs as if fully set forth herein.

75.     Defendant Cornell had the right and ability to control the infringing acts of Defendant Rare Bird, an entity that infringed Plaintiff Smith's books.

76.     Defendant Cornell obtained a benefit from the infringing activities of the individuals or entities who infringed Plaintiff Smith's copyrights in the books.

77.     Defendant Cornell's acts and conduct constitute vicarious copyright infringement.

78.     Plaintiff Smith is entitled to an injunction restraining Defendant Cornell and his agents, employees, and all persons acting in concert with him, from engaging in any further such acts in violation of copyright laws and Plaintiff Smith's exclusive rights.

79.     As a result of Defendant Cornell's individual and collective acts of copyright infringement, Plaintiff Smith has suffered damages in an amount to be determined at trial. Plaintiff Smith is entitled to recover from Defendant Cornell the damages, including attorney's fees that he has sustained as a result of Defendant Cornell's infringing conduct, including but not limited to any gains, profits, advantages of Defendant Cornell, Defendant Cornell's wrongful profits, Plaintiff Smith's lost profits, diminution of value of the books, statutory damages, enhanced damages, attorney's fees, interest, and costs.

## Count V – Breach of Contract

### (Defendant Rare Bird)

80.     Plaintiffs re-allege and incorporate by reference all allegations made in the preceding paragraphs as if fully set forth herein.

81.     Smith and Rare Bird are parties to the C+S and  RFH Publishing Agreements.

82.     Rare Bird breached and continues to be in breach of the C+S and RFH Publishing Agreements by its failure to register the copyright for *Reports from Hell*, pay advances, royalties and provide accounting statements to Plaintiff Red Sofa, for the benefit of Smith.

83.     As a result of Rare Bird's breaches of the Publishing Agreements, Plaintiffs have suffered damages in an amount to be proven at trial.

## Count VI – Unjust Enrichment

### (All Defendants)

84.     Plaintiffs re-allege and incorporate by reference all allegations made in the preceding paragraphs as if fully set forth herein.

85.     Defendants Rare Bird and Cornell have received monies as more thoroughly described above, which do not belong to Rare Bird or Cornell.

86.     It would be unjust and inequitable for Rare Bird or Cornell to retain the benefit of any monies derived.

14

87.     As a result, Defendants Rare Bird and Cornell have been unjustly enriched at Smith's expense, and Smith therefore seeks damages in an amount to be determined at trial.

**Count VII – Accounting**

(Defendant Rare Bird)

88.     Plaintiffs re-allege and incorporate by reference all allegations made in the preceding paragraphs as if fully set forth herein.

89.     The C+S and RFH Publishing Agreements require Rare Bird to account for and pay Smith royalties for both books.

90.     Rare Bird has repeatedly failed and refused to make such accountings to Smith despite Plaintiffs' repeated demands therefor.

91.     Rare Bird is in exclusive possession of the books, records, and other documents required to determine the monies owed to Smith.

92.     Despite previous demands by Plaintiffs for Rare Bird to provide such accountings, Rare Bird has failed and refused to make such accountings or to provide sufficient documentation for Plaintiffs to calculate the sums due to Smith and Red Sofa.

93.     Without an accounting, Plaintiffs are unaware of and cannot calculate the sums due to Smith and Red Sofa.

94.     Rare Bird should be required to account to Plaintiffs for any and all sums due to Smith and Red Sofa under the C+S and RFH Publishing Agreements.

95.     Plaintiffs have no adequate remedy at law.

96.     Based on the foregoing allegations, an accounting is necessary to determine Plaintiffs' damages and to determine monies collected by Rare Bird pursuant to the C+S and RFH Agreements.

97.     As a direct and proximate result of Rare Bird's wrongful acts, the Court should order an accounting of the monies received by Rare Bird pursuant

to the C+S and RFH Agreements in order to determine Plaintiffs' damages. Further, the Court should enter judgment ordering Rare Bird to pay Plaintiffs' share of those monies directly to Plaintiffs in an amount to be determined at trial, along with interest, costs, and attorney's fees.

## JURY TRIAL DEMAND

98.    Plaintiffs demand trial by jury on all issues so triable

## PRAYER FOR RELIEF

**WHEREFORE,** Smith and Red Sofa request that this Court grant the following relief:

1.    An order granting judgment in favor of Smith and Red Sofa and against Defendants on all of Plaintiffs' claims;

2.    An order pursuant to 17 U.S.C. § 502 permanently enjoining Defendants, and all others acting in concert or participating with them, from directly or indirectly infringing Smith's *Cocaine + Surfing* and *Reports from Hell* registered copyrights;

3.    An award to Smith of statutory damages pursuant to 17 U.S.C. §§ 504(a) and 504(c)(1);

4.    A determination that Rare Bird and Cornell have willfully infringed the *Cocaine + Surfing* and *Reports from Hell* registered copyrights owned by Smith, and that Smith is entitled to an increased award of damages pursuant to 17 U.S.C. § 504(c)(2);

5.    Alternatively, Smith may seek an award pursuant to 17 U.S.C. §§ 504(a) and 504(b) of all damages suffered by Smith as a result of the infringement and of any profits of Defendants attributable to the infringement that are not taken into account in computing actual damages, in an amount to be determined at trial;

6.      An award to Smith of his reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

7.      An award of damages sufficient and adequate to compensate Smith and Red Sofa for Cornell's and Rare Bird's breaches of the *Cocaine + Surfing* and *Reports from Hell* Publishing Agreements, and for Defendants' unjust enrichment; and

8.      Any other just and equitable relief the Court deems appropriate.

Dated:  September 29, 2023

**THE LAW OFFICES OF**
**IAN WALLACH, P.C.**


*s/Ian M. Wallach*
Ian M. Wallach SBN 237849
5777 West Century Boulevard, Suite 750
Los Angeles, CA 90045
Phone: (213) 375-0000
Email: iwallach@wallachlegal.com


Dated:  September 29, 2023

**THE SPENCE LAW FIRM**


*s/Russell M. Spence, Jr.*
Russell M. Spence, Jr. SBN 241052
*Pro Hac Vice Pending*
Two22 Tower, Suite 1600
222 South 9th Street
Minneapolis, Minnesota 55402
Phone: (612) 337-9007
Email: spence@spence.law


ATTORNEYS FOR PLAINTIFFS
CHAS SMITH AND RED SOFA
LITERARY INC.

1

## VERIFICATION

2  Plaintiff, Red Sofa Literary, Inc., states and affirms:

3

4      1.      That Red Sofa Literary, Inc. is a Plaintiff in the action herein.

5

6      2.     I declare under penalties of perjury that I have read the annexed

7  Complaint and know of the contents thereof and the same are true to my

8  knowledge, except those matters therein which are states to be alleged on

9  information and belief, and as to those matters, I believe them to be true.

10  Everything I have stated in this Verification is true and correct.

11

12  Dated: September 29, 2023

13                    Red Sofa Literary, Inc.

14                    By:  Dawn Frederick

15                    Its:  Owner

16

17

18

19

20

21

22

23

24

25

26

27

28

18